Case 1:23-cv-00104   Document 57   Filed on 05/23/25 in TXSD   Page 1 of 12

United States District Court
Southern District of Texas
**ENTERED**
May 23, 2025
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| ARTURO LONGORIA, § | |
|     Plaintiff, § | |
| § | |
| v. § | CIVIL ACTION NO. 1:23-cv-104 |
| § | |
| GEO REENTRY, INC. AND § | |
| GEO REENTRY SERVICES, L.L.C., § | |
|     Defendant. § | |

## REPORT AND RECOMMENDATION TO GRANT SUMMARY JUDGMENT

### I. Synopsis

Getting his morning coffee, Arturo Longoria slipped in the cafeteria of a residential reentry center operated by GEO. Longoria sues GEO for injuries from the fall, arguing GEO created and failed to manage a floor hazard, identified variously as solid ice, partially melted ice, a puddle of water, or some combination thereof. GEO responds they did not have actual or constructive knowledge of the hazard, a required element Longoria must prove under Texas law. There is no evidence to support the idea that GEO knew or should have known of the alleged unreasonably dangerous condition on the floor of the facility causing Longoria's fall. The Court recommends granting GEO's motion for summary judgment, finding GEO is entitled to dismissal of Longoria's claims, because no genuine issue of material fact exists.

### II. Jurisdiction

After removal of this matter from Texas state court pursuant to 28 U.S.C. § 1441, this Court retains jurisdiction based on the diverse citizenship of the parties and the amount in controversy, pursuant to 28 U.S.C. § 1332(a)(1). Venue is appropriate, because a substantial part of the events giving rise to the plaintiff's claims occurred within the territorial jurisdiction of this Court. *See* 28 U.S.C. § 1391(b). Pursuant to 28 U.S.C. §636(b)(1), this case was referred to the undersigned United States Magistrate Judge to

conduct all pretrial proceedings.

## III. Background

This case centers around the facts of Plaintiff Arturo Longoria's ("Longoria") residency at "Reality House," located at 5695 N. Expressway 77/83 in Brownsville, Texas, a property owned by Defendant GEO Reentry, Inc. and operated by Defendant GEO Reentry Services, LLC, herein collectively referred to as "GEO". Dkt. No. 1-1, p. 5 (Plaintiff's Original Complaint); Dkt. No. 1-1, p. 10 (GEO Reentry Inc.'s Original Answer); Dkt. No. 16, p. 2 (GEO Reentry Service's Original Answer). Longoria alleges that on the morning of September 14, 2022,[1] he was "walking toward the cafeteria" where the nearby ice maker allegedly leaked and created a "pool of water" in which he slipped and fell. Dkt. No. 1-1, p. 5.  In deposition testimony, Longoria specifies that he entered that cafeteria for morning coffee, got his coffee, then turned toward the same door through which he entered.  Dkt. No. 40-3, pp. 16-50.  Also in deposition testimony, Longoria admits that prior to slipping on the alleged puddle, he did not see water on the floor, could not identify the size of the puddle, and the puddle may have been a piece of ice.  Dkt. No. 40-3, pp. 16-17. Longoria further alleges that GEO "knew that their failure to repair the ice machine [to] remedy the leak resulted in puddles on the floor" and GEO "failed to display Wet Floor signs or any other warnings in the area of the leak."  Dkt. No. 1-1, p. 6.

On May 31, 2023, Longoria filed his original petition in the 404th Judicial District Court for Cameron County, Texas.  Dkt. No. 1-1, pp. 4-9.  Longoria he was injured through a slip and fall at GEO's premises.  *Id.*  On July 24, 2023, GEO Reentry removed the case to this Court.  Dkt. No. 1.  GEO Reentry Services had not yet made a formal appearance. To clarify the Court's own subject matter jurisdiction as to diversity jurisdiction, the Court ordered GEO Reentry, the removing defendant, to file a supplemental brief.  Dkt. No. 8

---

[1] Longoria originally plead a date of fall of September 11, 2019.  Dkt. No. 1-1, p. 5. Subsequent filings by all parties clarify the date of Longoria's fall and injury at GEO's facility was September 14, 2022. *Id.*; Dkt. No. 16, p.1, ¶ 5.

(Order on Jurisdiction); Dkt. No. 9 (GEO Reentry's Response). Finding this Court's jurisdiction proper, the Court subsequently granted an unopposed motion by GEO Reentry Services for leave to file its answer, which it did shortly thereafter. Dkt. No. 15; Dkt. No. 16 (GEO Reentry Services' Answer).

On January 22, 2025, GEO jointly filed a Motion for Summary Judgment. Dkt. No. 40. In their motion, GEO argues Longoria fails on his premises liability claim because Longoria cannot show GEO created, knew of, and failed to mitigate the floor hazard. *Id.* at 8-9. Specifically, GEO argues that actual or constructive knowledge of the alleged hazard cannot be imputed to them, because: (1) their employees did not create the hazard, (2) the hazard was not brought to their attention despite the presence of other residents, and (3) the hazard was not conspicuous. *Id.*

Per Local Rule 7.3 for the Southern District of Texas, Longoria's responsive brief was due February 12, 2025. LR7.3. Before responding to the motion for summary judgment, Longoria filed an opposed motion to extend discovery deadlines which did not fully address how this request would impact the pending summary judgment motion and why the request came after discovery was formally closed. Dkt. No. 43 (Longoria's Motion to Extend); Dkt. No. 44 (GEO's Response in Opposition to Extension). This Court scheduled and held a hearing on the issue. *See* Minute Entry dated February 12, 2025. Prior to the hearing, Longoria filed his brief in response to summary judgment motion. Dkt. Nos. 45 (Longoria's Response), 47 (Longoria's Related Exhibits).

Ultimately, this Court denied extension of discovery deadlines finding Longoria "provided no good cause for delay in securing the discovery they now seek and were in control of either securing the discovery material or asking for the Court's intervention prior to the close of discovery" and "did not act in good faith while pursuing resolution of this discovery issue." Dkt. No. 55, p. 2; *See* Minute Entry dated February 12, 2025.

On February 19, 2025, GEO filed their final reply in support of their pending summary judgment motion. Dkt. No. 53. That same day, GEO filed a motion to exclude

Plaintiff's summary judgment evidence[2] which is substantively like their reply brief. Dkt. No. 54. The summary judgment evidence in dispute by GEO is described as a "Safety Meeting" undertaken by GEO Reentry Services on September 14, 2022, after Longoria's fall. Dkt. No. 47, p. 74 (Longoria's "Exhibit 2"). The Court allowed Longoria to submit further briefing in response to the motion to exclude his previously submitted summary judgment evidence. Dkt. No. 56. Longoria filed no further briefing.[3]

## IV. Standard of Review

Summary judgment is appropriate when the moving party (GEO) establishes there exists no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(a). The movant "can show there's no material dispute if he demonstrates that the [non-movant] could not prevail even if each factual question were resolved in their favor." *Freedom From Religion Found., Inc. v. Mack*, 49 F.4th 941, 950 (5th Cir. 2022). A "genuine issue of material fact exists where evidence is such that a reasonable jury could return a verdict for the non-movant." *Piazza's Seafood World, L.L.C. v. Odom*, 448 F.3d 744, 752 (5th Cir. 2006).

If the non-movant (Longoria) would bear the burden of proof at trial, the moving party may satisfy its summary judgment burden "by merely pointing out that the evidence in the record contains insufficient proof concerning an essential element of the nonmoving party's claim." *Ortega Garcia v. U.S.*, 986 F.3d 513, 533 (5th Cir. 2021). The burden then shifts to the nonmoving party, who must, by submitting or referring to evidence, set out

---

[2] Under Fed.R.Evid. 407, evidence of a remedial measure to establish negligence is inadmissible evidence. Under Fed.R.Civ.P. 56(c)(2), the Court is unable to consider evidence not "presented in a form that would be admissible in evidence". The Court finds the after-the-fact Safety Meeting documentation is inadmissible under Fed.R.Evid. 407, and therefore, not proper for the Court's consideration. Further, it is well-established that documentary evidence which is not admissible at trial is not admissible during the summary judgment phase of litigation. *Salas v. Carpenter*, 980 F.2d 299, 305 (5th Cir. 1992); *See also Broadway v. City of Montgomery*, 530 F.2d 657, 661 (5th Cir. 1976) (stating "evidence inadmissible at trial cannot be used to avoid summary judgment"). However, even if the Court were to fully consider the Safety Meeting evidence, this Court's recommendation remains the same.

[3] Pursuant to Local Rule 7.4, "[f]ailure to respond to a motion will be taken as a representation of no opposition".

specific facts showing that a genuine issue exists. *Id.*

"All facts must be viewed in the light most favorable to the nonmovant and all justifiable inferences must be drawn in his favor." *Crane v. City of Arlington, Texas*, 50 F.4th 453, 461 (5th Cir. 2022). Thus, factual controversies are resolved in favor of the non-movant, "but only where there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts." *Lexon Ins. Co., Inc. v. Fed. Deposit Ins. Corp.*, 7 F.4th 315, 321 (5th Cir. 2021). In the "absence of any proof," the court cannot and will not assume that the non-moving party could or would prove the necessary facts. *McCarty v. Hillstone Rest. Grp., Inc.*, 864 F.3d 354, 358 (5th Cir. 2017).

Finally, "a court should not make credibility determinations or weigh the evidence in ruling on a motion for summary judgment." *Chacon v. Copeland*, 577 Fed. App'x. 355, 360 (5th Cir. 2014) (unpubl.) (quoting *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000)) (internal quotations omitted). "Only disputes over facts that might affect the outcome of the suit under the governing laws will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). Disputed fact issues which are "irrelevant and unnecessary" will not be considered by a court in ruling on a summary judgment motion. *Id.*

V. **Analysis**

To prevail on their motion for summary judgment, GEO as movants, must show: (1) no genuine issue of material fact exists and (2) the undisputed facts entitle them to judgment as a matter of law. The Court finds GEO has adequately shown there is no dispute of material fact, and there is no evidence to support Longoria's premises liability claim. Accordingly, GEO is entitled to summary judgment on Longoria's premises liability claim.

    a. **Longoria fails to meet the elements required to prevail on his premises liability claim.**

Texas law governs Longoria's premises liability claim regarding his slip and fall at GEO's property. In Texas, a plaintiff can bring a premises liability claim where they were injured due to defects on a defendant's property. *Chowdury v. Wal-Mart Stores Tex., LLC*, No. 19-cv-3870, 2019 WL 13190677, at *2 (S.D. Tex. Nov. 15, 2019). "Texas courts have consistently treated 'slip/trip-and-fall' cases as premises liability cases." *Munai v. Wal-Mart Stores Tex., LLC*, No. 22-cv-2365, 2024 WL 1998135, at *2 (S.D. Tex. Apr. 12, 2024) (citations omitted), adopted, 2024 WL 1997125 (May 6, 2024). For Longoria to prevail on his premises liability claim, he must show:

(1) "Actual or constructive knowledge of the condition on the premises by the owner/operator;
(2) That the condition posed an unreasonable risk of harm;
(3) That the owner/operator did not exercise reasonable care to reduce or eliminate the risk; and
(4) That the owner/operator's failure to use such care proximately caused the plaintiff's injuries."

*Garcia v. Wal-Mart Stores Texas, L.L.C.*, 893 F.3d 278 (5th Cir. 2018) (quoting *Henkel v. Norman*, 441 S.W.3d 249, 251–52 (Tex. 2014)).

To the extent any factual argument exists between the parties, they relate to the first element of premises liability under Texas Law, actual or constructive knowledge. Here, it specifically stated as whether or not GEO had knowledge of the allegedly hazardous condition potentially created by the ice machine/water dispenser. GEO argues that there is no genuine issue of material fact as to their lack of knowledge of any hazardous condition. Consequently, GEO seeks summary judgment on Longoria's premises liability claim, arguing Longoria presents no evidence that GEO had actual or constructive knowledge of the ice, water, or any combination thereof, on the floor which then allegedly caused his slip and fall. Dkt. No. 40, pp. 6-13. GEO further contends Longoria's deposition testimony fails to demonstrate any of the following: (1) that the floor hazard was caused by a leaking water dispenser/ice maker, (2) that the water spot on the floor was conspicuous, and (3) that the alleged water puddle should have been discovered by GEO. In response, Longoria argues

GEO "actually knew or should have known about the water that was leaking from a water/ice machine in the cafeteria," failed to provide warning of the alleged unreasonably dangerous condition of the premises, and his injury is a result of GEO's action and inaction. Dkt. No. 40, p. 2.

To prevail in refuting GEO's alleged lack of knowledge of the floor hazard element, Longoria must show GEO created or had knowledge of the floor hazard or that the hazard likely existed long enough to give GEO reasonable opportunity to discover it. *See Wal-Mart Stores v. Reece*, 81 S.W. 3d 812 (Tex. 2002) (explaining a plaintiff can prove knowledge by showing that (a) "the defendant placed the substance on the floor"; (b) "the defendant actually knew that the substance was on the floor"; or (c) "it is more likely than not that the condition existed long enough to give the premises owner a reasonable opportunity to discover it." ).

The Court finds, there is no genuine issue of material as to whether GEO knew or should have known of the alleged unreasonably dangerous condition on the premises that caused Longoria's fall. Applying the summary judgment standard, GEO, as movant, successfully demonstrates the absence of a genuine issue of material fact on the required knowledge element. Neither party provides evidence to show GEO's actual nor constructive knowledge of a hazardous floor condition. GEO argues there is no evidence to show GEO created or knew of the floor hazard or that the floor hazard was there long enough for GEO to discover. The burden then shifts to Longoria to provide evidence in support of the idea that knowledge of the hazard floor condition can be imputed to GEO. To meet this burden, Longoria responds that GEO "had actual knowledge of the dangerous condition because it's employees created the hazard by their installation of a leaking water and ice dispenser" and that constructive notice of the hazard may also be implied through the proximity of GEO's employees to the hazard. Dkt. No. 40, p. 2.

Longoria's statements are not enough. He must put forth evidence that the hazardous condition existed for a length of time sufficient to provide GEO a reasonable opportunity

to discover it. *Reece,* 81 S.W.3d 812, 815 (Tex. 2002) (internal citation omitted). Texas adopted this "time-notice" rule because "temporal evidence best indicates whether the owner had a reasonable opportunity to discover and remedy a dangerous condition." *Id.* at 816. Although Texas courts weigh the evidence in determining whether it is "more likely than not" that the property owner had constructive knowledge of the dangerous condition, pursuant to federal law, federal courts may not weigh evidence in evaluating motions for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.,* 530 U.S. 133, 150 (2000).

In support of both actual and constructive notice, Longoria provides the Court with his own deposition testimony, the statement of an employee of Reality House, and an approximately 19-second video of the incident.[4] Dkt. Nos. 47, 50. To the extent that Longoria argues that the proximity of GEO's employees, "guards" and "cooks," establishes actual or constructive notice, this evidence must be supported by other temporal evidence that further demonstrates that duration of the hazardous condition. Dkt. No. 47, pp. 40, 42; *Reece*, 81 S.W.3d at 816 (requiring temporal evidence regardless of proximity of the defendant's employee to the hazardous condition). None is presented. Rather, Longoria's testimony supports the idea that even he, upon passing the floor hazard twice, did not see it. Dkt. No. 40, p. 48. Further, Longoria could not positively identify the size, shape, or specific substance that caused the hazard. Dkt. No. 40, pp. 48-50. Longoria also fails to show long the puddle was of a noticeable size. *See Stoner v. Wal–Mart Stores, Inc.*, 35 F.Supp.2d 958, 960 (S.D. Tex. 1999) ("Where an invitee attempts to prove constructive notice through circumstantial evidence ... he must establish that more likely than not the dangerous condition existed long enough to give the proprietor a reasonable opportunity to discover the spill.") (internal citation omitted). While Longoria also submits video evidence of the event, this too does not provide sufficient temporal evidence as it does not show the hazard, how long the any hazard may have been present, or any other details of

---

[4] The Court again notes that while Longoria provided an exhibit labeled "Safety Meeting", this evidence cannot be properly considered.

the specifics of the alleged floor hazard. Viewed in his favor, the video evidence shows his slipping on the floor, a sudden movement afterwards, an individual eating in the cafeteria, and a lack of posted warning signs near the site of alleged injury. Dkt. No. 50. The video is supplemental evidence to Longoria's testimony that the alleged injury occurred in the early morning, "between 5 a.m. and 6 a.m." at breakfast time.

To the extent that Longoria argues that the statement of GEO's employee, the cook, supports GEO's knowledge of the hazard, the Court finds this insufficient to raise a genuine issue of material fact of GEO's knowledge at the time of or prior to Longoria's alleged injury. Dkt. No. 45, p. 11. In the light most favorable to Longoria, the cook's statement that she observed "melted ice cubes on the floor" supports the idea that a floor hazard may or may not have been present at the time of his injury. It does not, however, support actual GEO knowledge, because the statement notes only the condition of the floor and surrounding environment after Longoria's alleged injuries. Likewise constructive knowledge of the risk and failure to reduce or eliminate the associated risk is not in question, because the cook's statement does not address the floor or site conditions prior to Longoria's injury.

The Court no evidence on the length of time the hazard was there, the proximity of employee to the hazard, and whether the hazard was of a conspicuous nature. By failing to present a genuine issue of material fact as to GEO's actual or constructive notice of a floor hazard that allegedly caused Longoria's fall, the Texas law knowledge element required for Longoria to continue on his premises liability claim against GEO is not met. Because of this deficiency, the Court recommends a finding that there exists no genuine issue of material fact such that a reasonable jury could return a verdict in Longoria's favor and granting summary judgment in favor of GEO on Longoria's premises liability claim.

> **b. Because Longoria fails to establish his underlying premises liability claim, there is insufficient evidence to support a finding of gross negligence. Therefore, Longoria is not entitled to exemplary damages.**

In his complaint, Longoria requests exemplary damages in his prayer for relief. Dkt. 1-1, p. 8. He fails however to allege fraud, malice, or gross negligence that would entitle Longoria to exemplary damages under Texas law in Texas Civil Practice and Remedies Code § 41.003. Viewing Longoria's plead facts and all reasonable inferences in the light most favorable to him, the Court finds no pleading of fraud or malice. At the most, the premises liability claim of Longoria against GEO is the only claim to which a request for exemplary dames could apply under a gross negligence theory.

Under Texas law, in addition to actual damages, a plaintiff in a premises liability case may recover exemplary damages if they prove by clear and convincing evidence that the defendant was grossly negligent. *Kent v. Wal-Mart Stores Tex., LLC*, No. 17-cv-211, 2018 WL 953348, at *2 (S.D. Tex. Feb. 20, 2018) (citing Tex. Civ. Prac. & Rem. § 41.003(a)(3)). To establish gross negligence, a plaintiff must prove two additional elements in addition to the required premises liability elements. *Oliver v. Wal-Mart Stores Tex., LLC*, 748 F. Supp. 3d 433, 439 (N.D. Tex. 2024) (internal citation omitted). First, the defendant's act or omission must have created an extreme degree of risk—not just a remote possibility of injury or a high probability of minor harm, but a likelihood of serious injury. *Id.*; *Abdallah v. Life Time Fitness, Inc.*, No. 22-cv-976, 2024 WL 726290, at *3 (S.D. Tex. Jan. 23, 2024) (citing *Boerjan v. Rodriguez*, 436 S.W.3d 307, 311 (Tex. 2014)), adopted, 2024 WL 943460 (Mar. 5, 2024). Second, the defendant must have had actual, subjective awareness of the risk but proceeded with conscious indifference to others' safety. *Oliver*, 748 F. Supp. 3d at 439. A defendant need not anticipate the exact manner of injury or identify the specific individual who would be harmed. *U-Haul Int'l, Inc. v. Waldrip*, 380 S.W.3d 118, 139 (Tex. 2012)).

The purpose of punitive damages is to protect society by punishing the offender, not compensate the injured party, so a corporation may be held liable only if it committed the gross negligence itself. *Hammerly Oaks, Inc. v. Edwards*, 958 S.W.2d 387, 391 (Tex. 1997) (citing *Fort Worth Elevators Co. v. Russell*, 123 Tex. 128, 70 S.W.2d 397, 403 (1934)); *see also Oliver*, 748 F. Supp. 3d at 439 (citing *Mobil Oil Corp. v. Ellender*, 968 S.W.2d 917, 921 (Tex. 1998)). Corporations act through agents, so liability attaches only if the corporation: (1) authorized or ratified an agent's gross negligence, (2) was grossly negligent in hiring an unfit agent, or (3) committed gross negligence through a vice principal. *Ellender*, 968 S.W.2d at 921.

However, before Longoria can proceed to the issue of exemplary damages under a theory of gross negligence, he must first satisfy the elements of his premises liability claim. *State v. Shubake*, 199. S.W.3d 279, 286 (Tex. 2006).  Therefore, Longoria cannot recover exemplary damages unless he is first able to recover on the premises liability claim against GEO.  As noted above, Longoria has not provided any competent evidence to support that GEO was actually or constructively aware of the floor hazard, a required element to proceed on a premise liability claim. Further, Longoria appears to legally abandon his claim to exemplary damages as he does not address them in his response to the motion for summary judgment.   This Court recommends the granting of summary judgment in favor of GEO as Longoria fails on his premises liability claim, thus negating any request for exemplary damages.

## VI. Recommendation

Given the applicable rules of evidence and local rules, this Court recommends **SUSTAINING** GEO's objections to Longoria's summary judgment evidence and **GRANTING** the related motion (Dkt. No. 54).

The Court further recommends **GRANTING** GEO's Motion for Summary Judgment (Dkt. No. 40) in its entirety as there exists no genuine issue of material fact to support Longoria's premises claims that GEO had actual or constructive knowledge of the

floor hazard which caused his fall and injury. Further, the Court recommends Longoria's premises liability claim against GEO be dismissed with prejudice.

The parties have fourteen (14) days from the date of being served with a copy of this Report and Recommendation in which to file written objections, if any, with United States District Judge Fernando Rodriguez, Jr. 28 U.S.C. § 636(b)(1). A party filing objections must specifically identify the factual or legal findings to which objections are being made. The District Judge is not required to consider frivolous, conclusive, or general objections. *Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). This Report and Recommendation shall serve as notice of the Plaintiff's procedural defaults, and the objection period shall serve as opportunity to respond to these defects. *Alexander v. Trump*, 753 F. App'x 201, 208 (5th Cir. 2018).

If any party fails to timely object to any factual or legal findings in this Report and Recommendation, the District Judge is not required to conduct a *de novo* review of the record before adopting these findings. If the District Judge chooses to adopt such findings without conducting a *de novo* review of the record, the parties may not attack those findings on appeal, except on the grounds of plain error. *Alexander v. Verizon Wireless Servs., L.L.C.*, 875 F.3d 243, 248 (5th Cir. 2017).

Signed on May 23, 2025.

*Karen Betancourt*
Karen Betancourt
United States Magistrate Judge